By the Court.
 

 The contentions of the relators and the respondents are in substance as follows:
 

 
 *407
 
 1. Relators contend that, inasmuch as on December 1, 1927, there was to the credit of Cuyahoga .county and its several taxing districts a sufficient sum of money to provide for the probable disbursements for the year 1928, the Industrial Commission was duty bound to so certify that fact and therefore make no assessment against Cuyahoga county and its several taxing districts for the year 1928.
 

 2. Respondents contend that, inasmuch as there was not in the state insurance fund sufficient money to the credit of the public employee fund to pay in full all the probable disbursements required to be made in the year 1928 on account of injuries to the public employees of all counties and their several taxing districts in the state
 
 as a
 
 whole, nor sufficient money in the state insurance fund to the credit of Cuyahoga county and the .several taxing districts therein to pay deferred payments which are to be paid in the year 1928, and thereafter, which have been allowed, Cuyahoga county and its several taxing districts are not entitled to the certificate of exemption.
 

 These propositions involve the meaning of Section 1465-65, General Code, the pertinent part of which reads as follows:
 

 “Provided, however, that should the Industrial Commission of Ohio on or before the first day of December in any year certify to the auditor of state that sufficient money is in the state insurance fund to the credit of any county or counties to provide for the payment of compensation to the injured and to the dependents of killed employees of such county or counties and the several taxing districts therein for the ensuing year, the auditor of state shall not
 
 *408
 
 prepare and file with the county auditors and the treasurer of state said list or lists for such county or counties specified in such certificateand it shall be the duty of the Industrial 'Commission of Ohio to make and file such certificate with the auditor of state whenever in its judgment there is sufficient money in the state insurance fund to the credit of any county or counties to provide for 'the probable disbursements required to be made to the injured and to the dependents of killed employees of such county or counties and the several taxing districts therein for the ensuing year. ’
 
 ’
 

 With regard to the contention that the exemption cannot be granted unless there is in the fund sufficient money to pay in full all probable disbursements required to be made in the year 1928 for such injuries to the employees of all counties and in the state as a whole, the use of the words “any county or counties” in the statute clearly precludes such a holding. If the Legislature had intended to grant the exemption only when there is sufficient money to the credit of the fund to pay all probable disbursements in the state as a whole, it would not have said specifically that the fund was to provide for the payment of compensation to the injured and to the dependents of killed employees of such “county or counties.” This phrase is repeated twice in exactly this connection and compels us to find with the relators upon that branch of the case.
 

 The second question is more difficult. It is true that the use of the words “for the ensuing year” in each of the two parts of the second paragraph of the section militates against the contention that the fund must be sufficient to pay deferred payments which
 
 *409
 
 are to be paid both in the ensuing year and thereafter. However, since the Legislature in the first part of the paragraph used the phrase, “to provide for the payment of compensation,” and in the second part of the paragraph used the phrase, “to provide for the probable disbursements,” the Industrial Commission contends that there is an irreconcilable conflict between the different provisions of the act, and that the county and its taxing districts are not entitled to the certificate of exemption until sufficient money is in the fund to provide for the payment of all compensation, including deferred payments which are to be paid in the year 1928 and thereafter, and that the use of the word “compensation” does not permit the exemption when the fund merely contains enough money to pay in full all probable disbursements required for the ensuing year. "We do not so read the statute.
 

 When the Legislature provided that if the Industrial Commission should certify to the auditor of state tha't sufficient money is in the fund “to provide for "the payment of compensation,” and then provided that “it shall be the duty of the Industrial Commission to make and file such certificate * * * whenever in its judgment there is sufficient money in the state insurance fund * * * to provide for the probable disbursements required,” it used the phrases as equivalents; otherwise the Legislature would not have required the Commission to file the certificate that there was sufficient money to provide “for the payment of compensation” when there was,sufficient money to provide “for the probable disbursements.” The finding as to the probable disbursements could not be a requirement for
 
 *410
 
 the filing of the certificate as to the sufficiency of the fund to provide for the payment of compensation unless the Legislature considered the two phrases to be synonymous.
 

 It is argued that this holding will impair the fund. This statement is not conceded, and is in fact vigorously denied. However, the problem is one for the Legislature and not for the court.
 

 There being a clear legal right to the writ, the demurrer must be overruled and the writ allowed.
 

 Demurrer to petition overruled and writ allowed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.